PROVIDENCE COAL MINING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7199. Promulgated January 26, 1927.

The amount paid in 1923 in settlement of a damage suit, instituted in December, 1921, growing out of the wrongful mining of another's coal, was not deductible from 1920 income.

*Lee I. Park, Esq.,* for the petitioner.
*M. E. McDowell, Esq.,* for the respondent.

57694°—27——78

The taxes in controversy are income and profits taxes in the amount of $74.46 for the calendar year 1919, and $298.27 for the calendar year 1920.

The respondent in his answer admitted that the depletion allowed in determining the deficiencies was in error and that the depletion rate should be 2.54 cents per ton, instead of the rate used in determining the deficiency. There remains for our consideration the alleged error of the Commissioner in refusing to allow a deduction of $4,500, which the petitioner claimed in 1923 on an amended return for the year 1920, as additional cost of coal removed in that year, under section 234(a)(1) of the Revenue Act of 1918.

### FINDINGS OF FACT.

The petitioner is a Kentucky corporation with its principal office in the City of Providence. During the year 1919 it removed from its leasehold 153,249.50 tons of coal, and during the year 1920 it removed therefrom 173,907.55 tons of coal. The Commissioner applied a depletion rate of 2.4 cents per ton for 1919 and 2.06 cents for 1920. The correct depletion rate for each of the years 1919 and 1920 was 2.54 cents per ton.

On January 1, 1919, the petitioner owned a leasehold of coal property in Webster County, Kentucky, with the exclusive right to mine the coal. Some time later, while it still owned the leasehold, the petitioner, by mistake, mined and sold some coal underlying a cemetery, and reported as income for that year the money received from the sale. The cemetery contained one acre of ground and the owner, D. H. Cullen, had reserved and owned the coal thereunder.

Some time in 1921, the petitioner first knew it had mined another's coal. On December 22, 1921, the owner of the cemetery brought suit in the Circuit Court of Webster County, Kentucky, for damages for removal of the coal. The case was tried in April, 1922, at which time the jury returned a verdict for the plaintiff in the sum of $9,000 and judgment was entered on the verdict. On March 16, 1923, while an appeal was pending, the petitioner settled the suit and satisfied the judgment in full by paying $4,500 to the plaintiff.

The petitioner thereupon filed an amended income-tax return for the year 1920, claiming the $4,500 paid in settlement of the suit as additional cost of coal removed and sold in 1920. The respondent refused to allow any part of the $4,500 as a deduction.

### OPINION.

MURDOCK: The answer admits that an incorrect depletion rate was used in calculating the deficiencies for the years in question and

that the correct rate is 2.54 cents per ton. We have found the tonnage mined and it only requires a mathematical calculation to arrive at the proper depletion deduction for each of the two years.

The respondent denied that the coal underlying the cemetery was mined in 1920. It was then incumbent upon the petitioner to prove this point as the first step to entitle it to the deduction of $4,500. Only one witness was called—the president of the petitioner. On direct examination he said that the coal was mined in 1920, but on cross examination, as to the year, he used such phrases as " I am not positive about it "; " We are not absolutely positive about that "; and, finally, " I am pretty sure that it was." Such doubtful statements do not convince us that the coal was mined in 1920.

We, therefore, must approve the determination of the Commissioner on this point over any contention which the petitioner might advance. If we were satisfied, and we are not, that the entire amount, or a definite part of it, represented cost of goods sold, it would not be a question of deduction, but rather a question of reducing the income reported for the year in which the coal was mined by an amount which never should have been included in that income. But we can not do this in the present case, if for no other reason than that we do not know the year in which the coal was mined.

The amount is not deductible under section 234(a)(1), since we know that for income-tax purposes the petitioner neither paid nor incurred the amount in the year 1920, for in that year it did not know it had mined another's coal. Neither is it deductible as a loss in 1920, under section 234(a). *Appeal of New Process Cork Co.*, 3 B. T. A. 1339; *Appeal of Bump Confectionery Co.*, 4 B. T. A. 50; *Appeal of Hamler Coal Co.*, 4 B. T. A. 947. See also *Malleable Iron Range Co.* v. *United States*, 62 Ct. Cls. 425.

> *Judgment will be entered in accordance with the foregoing opinion on notice of 15 days, under Rule 50.*

PHILLIPS concurs in the result only.